Case 4:20-cv-02293   Document 5   Filed on 07/20/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY ANTWON BEN, § | | |
| TDCJ #01448161, § | | |
| § | | |
| Petitioner, § | | |
| VS. § | CIVIL ACTION NO. 4:20-2293 | |
| § | | |
| LORIE DAVIS, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Anthony Antwon Ben is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding (Dkt. 1). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.      BACKGROUND

Ben is serving a life sentence in connection with two Harris County convictions for aggravated robbery with a deadly weapon, Cases No. 1070417 and 1069780 (Dkt. 1, at 2). *See* Offender Information Details, available at https://offender.tdcj.texas.gov/ OffenderSearch/index.jsp (last visited July 17, 2020). His petition does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction at the Telford Unit on September 10, 2019, in disciplinary case number 20190317476 (Dkt. 1,

at 5). Ben was punished by a reduction in custody status, a 45-day cell restriction, and a 45-day recreation restriction (*id*.). He states that he is not eligible for release on mandatory supervision and did not lose previously earned good-time credits (*id*.). He also states that he appealed the conviction through TDCJ's two-step administrative grievance procedure (*id*. at 5-6). He alleges that the disciplinary proceedings violated his due process rights (*id*. at 6-7).

## II. PRISON DISCIPLINARY PROCEEDINGS

This Court may hear Ben's petition because he filed the petition when incarcerated at the Jester III Unit in Fort Bend County, which is within the boundaries of the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(2); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2)

the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Ben cannot demonstrate a constitutional violation in this case because, as he admits in his petition, he is ineligible for mandatory supervision (Dkt. 1, at 5). Texas inmates serving a life sentence are not eligible for release under the Texas mandatory supervision statute and have no constitutionally protected interest in any loss of accrued good-time credits. *See Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002); *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001). This is fatal to his claims. Only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good time credit. *See Malchi*, 211 F.3d at 957-58. In addition, Ben cannot demonstrate a constitutional violation because he did not lose previously earned good-time credits. *See id*.

Ben's habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

### III.     **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The relief sought in the federal habeas corpus petition (Dkt. 1) filed by Anthony Antwon Ben is **DENIED** and this case is **DISMISSED** with prejudice.

2. All pending motions, if any, are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 20th day of July, 2020.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE